UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL JOSEPH DAVIS, SR.,<br>         Plaintiff,<br><br>         v.<br><br>BRISTOL COUNTY SHERIFF'S<br>DEPARTMENT, ET AL.,<br>         Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 10-11250-JLT<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

TAURO, D.J.

On September 24, 2010, this Court appointed *pro bono* counsel for Plaintiff Michael Joseph Davis, Sr. ("Davis") for the limited purpose of filing an Amended Complaint and arranging for service of process. See Order of Appointment of Elizabeth Mitchell, Esq., of Holland & Knight (Docket No. 9). *Pro bono* counsel was directed to file a Second Amended Complaint within 30 days of appointment.

Thereafter, Davis filed a *pro se* Amended Complaint (Docket No. 11) complaining about the overcrowded conditions at the Bristol County House of Correction, resulting in his inability to use the gymnasium for recreational purposes because Sheriff Hodgson is housing an ICE detainee inside the gymnasium. Davis also contends there is non-compliance with state fire codes, and that he is forced to go outside for recreation, in inclement weather. He claims that there is no adequate toilet facility outside and this has resulted in his need to urinate on himself. Further, he asserts that other inmates have been allowed to watch DVD movies, and he has not been allowed to do so since February 2010. Finally, he asserts he is being retaliated against because of the lawsuits he has filed. He asserts this his conditions of confinement violate the

Eighth Amendment as they constitutes cruel and unusual punishment.[1]

Davis seeks appointment of a special master, an Order for transfer so as to avoid risk of harm and retaliation, and a *pro bono* lawyer to litigate his matters before this Court.

Thereafter, on October 8, 2010, Davis filed another pleading entitled "Amended Complaint" in which he seeks emergency relief from the alleged overcrowded conditions at the Bristol County House of Correction.[2] Davis again reiterates his complaints that an ICE detainee is using the gymnasium as his housing, thereby requiring other inmates to take recreation outside. He also states he does not wish to be on his unit, and complains about his rights to phone calls and his duties. He asserts he has an inability to access the courts, but does not state specifically the nature of this inability. Further, he states he fears for his safety. Finally, he requests that notification of court orders be sent to his legal address: 6 Massasoit Street, Hyde Park, MA 02136.

## DISCUSSION

First, in light of the fact that Davis has been moved to various prison facilities and has had some mailing problems, this Court will direct the Clerk of Court, if she is able to do so, to amend the docket to reflect Davis's current address as well as his permanent address for the

---

[1] As a pretrial detainee, Davis's assertions do not implicate Eighth Amendment rights; rather, the matter falls within the protections of the Fourteenth Amendment. See Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005) ("A pretrial detainee's claim that he has been subjected to unconstitutional conditions of confinement implicates Fourteenth Amendment liberty interests. The parameters of such an interest are coextensive with those of the Eighth Amendment's prohibition against cruel and unusual punishment.").

[2] The envelope in which Davis's pleading was filed indicates that the mailer was a co-inmate, Andrew Cote.

purpose of notification to him of Court rulings.[3]

Next, Davis's two purported Amended Complaints, filed after appointment of *pro bono* counsel, will **not** be deemed to be the operative pleadings in this case. These pleadings do not incorporate all of his prior claims regarding medical care, assault, and other grievances, and as such, the pleadings are more akin to supplements, rather than amendments to his original Complaint or his later Amended Complaint. In any event, this Court has directed *pro bono* counsel to file a Second Amended Complaint that will serve as the operative pleading in this action.

It appears that what Davis is really seeking in his two pleadings is emergency injunctive relief. To the extent that he seeks *ex parte* emergency relief, his requests are **DENIED** without prejudice to renew after the Defendants have been served and have filed a responsive pleading, and after Davis has exhausted his administrative remedies with respect to any civil rights claims he seeks to assert, in accordance with the requirements of 42 U.S.C. § 1997e. In view of the apparent failure of Davis to exhaust prison remedies, the Court finds that he has not demonstrated good cause why *ex parte* emergency injunctive relief is warranted at this time, particularly because Davis's request for relief is based on conclusory assertions of constitutional deprivations. Without the benefit of a response from the Defendants, the Court cannot evaluate properly the merits of Davis's claims or the propriety of granting injunctive relief.

One final matter. Davis has asked for *pro bono* counsel, and this Court has granted this

---

[3]The Court's CM/ECF system presently does not accommodate two mailing addresses for a party. The Clerk's Office shall investigate options on CM/ECF for including Davis's two mailing addresses on the docket. In the meantime, the Clerk's Office shall make arrangements to ensure that Davis receives notices of Court rulings at his place of incarceration and also at his mailing address.

request on a limited basis -- to file a Second Amended Complaint that incorporates all of Davis's claims (assuming that counsel will assert only plausible claims in good faith in accordance with Rule 11 of the Federal Rules of Civil Procedure, and against the proper Defendants, and will withdraw those claims that lack a plausible claim upon which relief may be granted), and to arrange for service of process on the Defendants.  In light of this, and in order to ensure that scarce judicial resources are not wasted, Davis is hereby prohibited from filing any further *pro se* Amended Complaints or any other pleadings *pro se* unless and until the Defendants have filed a responsive pleading.  Should Davis seek to file a *pro se* pleading while *pro bono* counsel is amending the pleadings and/or arranging for service of process on the Defendants, he must first consult with *pro bono* counsel regarding his intended filing, unless Davis:  (1) moves to have *pro bono* counsel withdraw in this action so that he may proceed with this case *pro se;* or (2) he files a motion for leave to file a *pro se* pleading, upon good cause shown.[4]  Although this Court has limited the scope of appointment of *pro bono* counsel, Davis's *pro bono* counsel nevertheless may bring to the Court's attention any matters that arise while the *pro bono* appointment remains in effect (*i.e.*, until service of process has been effected).

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The Clerk shall mail any notices of Court rulings to Plaintiff at his custodial address as well as his legal address, c/o Davis Family, 6 Massasoit Street, Hyde Park, MA 02136;

2. Plaintiff's Amended Complaint (Docket No. 11) and his Amended Complaint (filed October 8, 2010) are STRICKEN as Amended Complaints in light of the Court's

---

[4] If Davis files a motion for leave to file a *pro se* pleading, he must show good cause why her pleading could not be filed through his court-appointed attorney, however, Davis is not required to provide any information that would infringe upon the attorney-client privilege.

       directives to appointed *pro bono* counsel to file a Second Amended Complaint;

3. Plaintiff's requests for *ex parte* emergency injunctive relief, contained in his Amended Complaint (Docket No. 11) and his Amended Complaint (filed October 8, 2010) are <u>DENIED</u> without prejudice to renew after Defendants have filed a responsive pleading and after exhaustion of administrative remedies; and

4. Plaintiff is hereby prohibited from filing any further *pro se* Amended Complaints or any other pleadings *pro se* unless and until the Defendants have filed a responsive pleading. Should Davis seek to file a *pro se* pleading while *pro bono* counsel is amending the pleadings and/or arranging for service of process on the Defendants, he must first consult with *pro bono* counsel regarding his intended filing and include a certification of consultation, unless he: (1) moves to have *pro bono* counsel withdraw in this action so that he may proceed with this case *pro se;* or (2) he files a motion for leave to file a *pro se* pleading, upon good cause shown.

SO ORDERED.


<u>October 13, 2010</u>　　　　　　　　　　<u>/s/ Joseph L. Tauro</u>
DATE　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE